IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AES Solar Energy Coöperatief U.A. and Ampere Equity Fund B.V.,<br><br>*Petitioners*,<br><br>v.<br><br>The Kingdom of Spain,<br><br>*Respondent*. | **Civil Action No. 1:21-cv-03249-RJL** |

**Petitioners' Response to Spain's Notice of Supplemental Authority**

Spain's notice of supplemental authority, ECF No. 28, submits two additional European court decisions applying European Union ("EU") law.  In *Kingdom of Spain v. Novenergia II - Energy & Environment (SCA), SICAR*, Case No. T 4658-18 (Dec. 13, 2022), ECF No. 28-1, the Svea Court of Appeal in Sweden—an EU member state court bound by the decisions of the Court of Justice of the European Union ("CJEU")—held that the "primacy of EU law" required it to invalidate an arbitral award issued under the Energy Charter Treaty ("ECT") in an intra-EU dispute.  *Id.* at 37, § 6.2.3.  And in *Republic of Poland v. PL Holdings S.á.r.l.,* Case No. 2022T 1569-19 (Dec. 14, 2022), ECF No. 28-2, the Supreme Court of Sweden applied that same principle of EU law in annulling an arbitral award issued pursuant to a bilateral investment treaty.  "The national court cannot deviate from EU interpretation," the court held, and an award "incompatible with" the EU legal order must also be "regarded as" unlawful "in Sweden."  *Id.* ¶¶ 35, 59-60.

As Petitioners have explained with respect to similar decisions noted by the European Commission, *see* ECF No. 27, these decisions are not relevant to this case because they simply reflect the obligations under EU law of courts within the EU.  EU courts are bound to apply EU

1

law, so it is little surprise—and entirely insignificant—that the Swedish courts have followed *Slovak Republic v. Achmea BV*, Case No. C-284/16, ECLI:EU:C:2018:158 (Mar. 6, 2018), and *Republic of Moldova v. Komstroy LLC*, Case No. C-741/19, ECLI:EU:C:2021:655 (Sept. 2, 2021), by refusing to recognize awards resulting from intra-EU arbitration. But U.S. courts, of course, are not bound by EU law. These Swedish decisions do not bear on this Court's straightforward obligation to enforce Petitioners' Award, because (1) as a matter of *U.S.* law, the scope and validity of Spain's consent to arbitrate is not a live issue in this case, *see* ECF No. 20 ("MTD Opp."), at 12-22; and (2) even if it were, it would be governed by international law, not EU law, *see id.* at 22-33. Outside of the EU, the CJEU speaks with no special authority on questions of international law. *Id*. at 26. Thus, even if the validity of Spain's consent to arbitrate were a live issue in this case, Spain's Swedish decisions would not affect the resolution of that issue.

       Petitioners therefore continue to respectfully request that this Court proceed to enforce the Award, as the New York Convention and its implementing legislation require.

Dated: December 23, 2022

Respectfully submitted,

AES SOLAR ENERGY COÖPERATIEF U.A.
AND AMPERE EQUITY FUND B.V.

By its attorneys,

/s/*Matthew McGill*

Matthew McGill, D.C. Bar #481430
mmcgill@gibsondunn.com
Matthew S. Rozen, D.C. Bar #1023209
mrozen@gibsondunn.com
Ankita Ritwik, D.C. Bar #1024801
aritwik@gibsondunn.com
Luke Zaro, D.C. Bar #1670941
lzaro@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for AES Solar Energy Coöperatief U.A. and Ampere Equity Fund B.V.*

## CERTIFICATE OF SERVICE

I hereby certify that, on December 23, 2022, I caused the foregoing Response to Spain's Notice of Supplemental Authority to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

  /s/ Matthew McGill
Matthew McGill
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 955-8500
mmcgill@gibsondunn.com