IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Blasket Renewable Investments LLC, *Petitioner*, v. The Kingdom of Spain, *Respondent*. | **Civil Action No. 1:21-cv-03249-RJL** |

**REPLY IN SUPPORT OF BLASKET'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Two days after the deadline to respond to the motion for temporary restraining order and preliminary injunction filed by Petitioner Blasket Renewable Investment LLC ("Blasket"), ECF No. 41, Respondent the Kingdom of Spain ("Spain") has filed a cursory four-page response that largely ignores Blasket's arguments. By missing its deadline to oppose, Spain conceded the Motion. And the conclusory arguments in its belated opposition do not withstand scrutiny in any event. This Court should therefore grant Blasket's motion and enter the requested relief: an order preliminarily enjoining Spain from (a) seeking an interlocutory decree or any other relief in the Dutch Action or in other Dutch proceedings that requires Blasket to suspend, hold in abeyance, or withdraw any proceedings before this Court, or that otherwise interferes with, obstructs, or delays resolution of the Petition to Confirm the Award, and (b) pursuing any other foreign litigation that interferes with, obstructs, or delays resolution of the Petition to Confirm the Award.

**I.    Spain Has Conceded The Motion By Missing The Deadline To Respond**

Spain's response concedes that it "fil[ed] [its] opposition after the deadline." ECF No. 42 ("PI Opp.") at 4. Because Spain's opposition brief was "not filed within the prescribed time, the

1

Court may treat the motion as conceded." LCvR 7(b); *see, e.g.*, *Trs. of IAM Nat'l Pension Fund v. M & K Emp. Sols., LLC*, 2021 WL 1546947, at *12 (D.D.C. Apr. 20, 2021) (declining to "extend [defendants'] deadline to oppose [plaintiffs'] preliminary-injunction motion" and granting the motion in part). Spain offers "no good reason" for failing to timely respond or for this Court "to deviate from [its] ordinary practices governing preliminary injunction applications." *Trs. of IAM*, 2021 WL 1546947, at *12. That alone is reason to grant Blasket's Motion.

## II.     Spain's Arguments Lack Merit

Even if this Court were to consider Spain's belated response, Spain's arguments—spanning roughly two pages, P.I. Opp. 2-4—largely fail to engage with the substance of Blasket's Motion, and they offer no persuasive basis to deny relief.

### A.     The FSIA Poses No Jurisdictional Barrier to Preliminary Relief

Spain starts (at 2) by rehashing in a single conclusory paragraph its tired assertion that this Court lacks subject-matter jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"). But Blasket and its predecessors in interest ("Assignors") have repeatedly refuted that argument, both in the present Motion, ECF No. 40-1 ("PI Motion") at 14-15, and in responding to Spain's motion to dismiss, ECF No. 20 at 12-19; *see also* ECF No. 1 at 2-3. As those filings explain, this Court has jurisdiction under both the FSIA's waiver and arbitration exceptions, 28 U.S.C. § 1605(a)(1), (6), as another court in this District recently recognized in two carefully reasoned opinions that Spain still ignores entirely, *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 2023 WL 2016932, at *7 (D.D.C. Feb. 15, 2023); *9REN Holding S.À.R.L. v. Kingdom of Spain*, 2023 WL 2016933, at *6 (D.D.C. Feb. 15, 2023). The FSIA thus poses no jurisdictional barrier to preliminary injunctive relief.

### B. Spain's Dutch Lawsuits Still Threaten Imminent Irreparable Harm

Spain next puzzlingly asserts (at 3) that any injunctive relief would be "illusory," because there is "no claim for relief pending before any Dutch Court." That is just wordplay. Immediately after this Court substituted Blasket as Petitioner, Min. Order (Mar. 7, 2023), Spain took steps to add Blasket as a party to the action it previously had initiated against Assignors in the Netherlands (the "Dutch Action"), with the *express* "purpose . . . to prevent" Blasket "from enforcing [the Award] in the United States," ECF No. 40-2, Ex. A ¶ 2.1; *see* PI Motion 10-11. The threat that Spain's Dutch litigation now poses to Blasket's ability to vindicate its rights under the New York Convention in this Court is not remotely "illusory," and accordingly, neither is the relief Blasket seeks to redress that threat.

If anything, it is Spain—not Blasket—that has "misrepresent[ed] the status of foreign proceedings to the Court." PI Opp. 3. Contrary to Spain's accusations, Blasket has never stated that there is a currently pending claim against Blasket in the Dutch Action; the threat to Blasket is that Spain is undisputedly attempting to bring such a claim. That is why Blasket seeks an order enjoining Spain from "*seeking* an interlocutory decree or any other relief in the Dutch Action *or in other Dutch proceedings* requiring Blasket to suspend, hold in abeyance, or withdraw any proceedings before this Court." PI Motion 33 (emphasis added).

On the other hand, Spain's assertion (at 3) that it is not currently pursuing "extraordinary" relief in the Dutch courts blinks reality. Spain undeniably is asking a *Dutch* court to assert jurisdiction over a *United States* entity—Blasket—for the purpose of enjoining a *United States* court. Spain's response includes neither a disclaimer of such actions, nor any assurance that they will cease. Given Spain's history in this action of seeking emergency relief in the Netherlands in an effort to frustrate this Court's jurisdiction, the threat of "irreparable harm" in the form of a

3

Dutch anti-suit injunction remains serious. *Contra* PI Opp. 3. Spain's continued efforts to frustrate this Court's exercise of its own jurisdiction warrant the entry of injunctive relief.

### C. International Comity Does Not Weigh Against Anti-Anti-Suit Relief

As Blasket already explained at length, PI Motion 28-31, principles of international comity do not counsel against issuing an anti-anti-suit injunction here; relief is warranted to defend this Court's jurisdiction and vital United States policy against Spain's attack. This Court in *NextEra* and *9REN* already rejected "strenuous[]" invocations of comity from Spain, "refus[ing] to countenance" Spain's "hypocrisy" in trying to rely on comity while it was "zealously pursuing the very same kind of anti-suit injunction" in the European courts that it was "ask[ing] this [C]ourt to refrain from issuing." *NextEra*, 2023 WL 2016932, at *10; *9REN*, 2023 WL 2016933, at *8-9. Spain's one-paragraph discussion of comity offers no reason to doubt that well-supported holding.

Instead, Spain retreats to the notion that a foreign sovereign is entitled to heightened comity when it seeks to "litigat[e] a dispute in its own courts." PI Opp. 3 (quoting *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 480 (4th Cir. 2018)). But Spain has not brought suit in Spanish courts. Instead, it has "attempt[ed] to use the law and courts of a third country"—the Netherlands—"to frustrate a previously commenced action in the United States." *Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 954 n.175 (D.C. Cir. 1984). That tactic is not entitled to any comity, *id.*—particularly because the Netherlands is not even a forum "contemplated by the [New York] Convention," *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 127 (2d Cir. 2007).

Spain also claims that allowing it to pursue the Dutch Action would not interfere with this case because it is merely seeking answers to "questions of Dutch and EU law" there. PI Opp. 3-4. Not so. Spain itself has admitted to the Dutch court that "the purpose of [its] action" "is to

4

prevent . . . enforc[ement] [of]" the Award. ECF No. 40-2, Ex. A ¶ 2.1. And its first request for relief in the Dutch Action sought an order forcing Assignors (and now, Blasket) "to take all actions necessary to suspend the proceedings" before this Court. ECF No. 31-1, Ex. C at 30 (Claim A). Nowhere does Spain disclaim any desire to secure anti-suit relief against Blasket, and it has made no effort to withdraw or suspend its efforts to pull Blasket into the Dutch Action. Spain thus is still working "to terminate" this action. *Laker Airways*, 731 F.2d at 930.

Contrary to Spain's claims, it is specifically that kind of interference—and not "all foreign litigation relating to the Award," PI Opp. 4—that Blasket seeks to enjoin. As already explained, PI Motion 30, Blasket seeks only a "purely *defensive*" anti-anti-suit injunction, one that would "preserve the [Court]'s ability to arrive at," and then enforce, "a final judgment adjudicating [Blasket's] claims under United States law," *Laker Airways*, 731 F.2d at 938. Spain, by contrast, has asked the Dutch court to issue a "purely *offensive*" injunction that would "interfere with and terminate" this action. *Id.* Principles of comity therefore "clearly authorize" issuing a limited and defensive anti-anti-suit injunction to stop Spain's efforts to disrupt these proceedings. *Id.* at 916, 938-39.

**D.    Local Civil Rule 7(m) Does Not Preclude Issuing An Injunction**

Spain finally falls back on the complaint that Blasket did not give Spain sufficient notice of its motion. PI Opp. 4. The high irony in that assertion cannot be missed: Spain has at every turn taken unilateral action in the Dutch courts without prior notice to Blasket, Assignors, or this Court. It filed the Dutch Action unannounced, PI Motion 9; it then unilaterally brought *another* action in the Dutch court and secured an *ex parte* temporary anti-suit restraining order against Assignors and Blasket (which has since expired) to prevent them from bringing this Motion, *id.* at 12; ECF No. 32-1 ¶¶ 5-9; and it unsuccessfully sought emergency relief to block Blasket's and Assignors' motion for substitution in this Court, ECF No. 39-1 ¶¶ 3.1, 5.2.

5

In Blasket's haste to seek this critical, time-sensitive relief against Spain—a haste that was necessitated by Spain's repeated willingness to run unannounced to the Dutch court to try to interfere with this action—Blasket failed to inform Spain of this Motion until late in the evening of March 15, 2023.  At that point, fearing that Spain might use the (then) five-hour time difference to obtain, before the start of the business day in Washington, an *ex parte* order in the Netherlands barring Blasket from seeking anti-anti-suit injunctive relief in this Court (just as Spain previously had done with respect to Assignors), Blasket elected to file its motion without first receiving Spain's statement of its position.

In these unique circumstances, Blasket respectfully requests that the Court exercise its "discretion to excuse noncompliance with Rule 7(m)."  *Imapizza, LLC v. At Pizza Ltd.*, 2018 WL 6619852, at *2 (D.D.C. July 26, 2018).  Critically, Spain has suffered no prejudice from being unable to confer with Blasket on this motion.  Spain's belated response makes clear that it opposes Blasket's requests for relief.  Blasket's "compl[iance] with the rule" thus would have changed nothing or, worse, invited further harm to Blasket.  *Id.* (citation omitted); *see also Ghawanmeh v. Islamic Saudi Acad.*, 268 F.R.D. 108, 111 (D.D.C. 2010) (declining to deny relief based on Rule 7(m) violation because "defendants would still oppose plaintiff[']s motion" even with notice and because defendants' claim "that plaintiff knew well in advance that she would be filing the current motion" was "pure speculation").

Spain vaguely claims that "this briefing likely could have been avoided" with earlier notice, PI Opp. 1, but it never says why or how.  Tellingly, Spain has tendered no proposal to obviate the need for this motion.  "Forcing [Blasket] to refile its motion" would "therefore waste the parties' and the Court's time and delay the resolution of" Blasket's requests for relief.  *Kriebel v. Life Ins. Co. of N.A.*, 2015 WL 11347968, at *3 (D.D.C. Oct. 14, 2015); *see also D'Onofrio v. SFX Sports*

*Grp.*, 247 F.R.D. 43, 45 n.2 (D.D.C. 2008) ("resolv[ing] [a] Motion on its merits" without Rule 7(m) compliance "so as to prevent further delay").

## CONCLUSION

Blasket respectfully requests that the Court grant its Motion for Temporary Restraining Order and Preliminary Injunction.

Dated: March 28, 2023

Respectfully submitted,

/s/ Matthew McGill

Matthew McGill, D.C. Bar #481430
mmcgill@gibsondunn.com
Matthew S. Rozen, D.C. Bar #1023209
mrozen@gibsondunn.com
Ankita Ritwik, D.C. Bar #1024801
aritwik@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036
Telephone:  202.955.8500
Facsimile:  202.467.0539

*Attorneys for Petitioner Blasket Renewable Investments LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2023, I caused a true and correct copy of the foregoing Reply in Support of Blasket's Motion for Temporary Restraining Order and Preliminary Injunction, together with copies of all supporting papers, to be filed with the Clerk for the U.S. District Court for the District of Columbia through the ECF system. Participants in the case who are registered ECF users will be served through the ECF system, as identified by the Notice of Electronic Filing.

/s/ Matthew McGill
Matthew McGill